UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ALLEN-MICHAEL SOARD,**<br><br>　　Plaintiff,<br><br>v.<br><br>**CAPE COUNTY PRIVATE AMBULANCE SERVICE, INC.,**<br><br>Serve at:<br>　　Reg. Agt. - John J. Russell<br>　　1458 N. Kingshighway<br>　　Cape Girardeau, MO 63701<br><br>and<br><br>**JOHN J. RUSSELL,**<br><br>Serve at:<br>　　2034 Pamela Dr.<br>　　Cape Girardeau, MO 63701<br><br>and<br><br>**SUSAN J. RUSSELL,**<br><br>Serve at:<br>　　2034 Pamela Dr.<br>　　Cape Girardeau, MO 63701<br><br>　　Defendants. | Case No.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Allen-Michael Soard ("Plaintiff"), by and through his undersigned counsel, and for his Complaint states as follows:

## INTRODUCTION

1. This is an action for unpaid minimum wage compensation, unpaid overtime compensation, and attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. ("FLSA").

2. This is also an action for non-payment of regular wages in contravention of Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 *et seq*. ("MMWL") and for failure to provide Plaintiff's final paycheck in contravention of Mo. Rev. Stat. § 290.110.

3. This is also an action for breach of contract.

4. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of all claims because Plaintiff's primary cause of action is for nonpayment of wages, which is conduct prohibited by 29 U.S.C. § 206 *et seq*. Accordingly, this Court has federal question jurisdiction of this FLSA matter pursuant to 28 U.S.C. § 1331 because this is a "civil action arising under the . . . laws . . . of the United States."

6. This Court has supplemental jurisdiction with respect to Plaintiff's other claims for violation of Missouri's minimum wage laws and for breach of contract because these claims arise out of the same transaction and occurrence that give rise to Plaintiff's FLSA claims, namely Defendants' failure to pay Plaintiff his wages. As such, this Court may properly exercise supplemental jurisdiction over these related claims pursuant to 28 U.S.C. § 1367.

7. Defendants withheld wages from Plaintiff for his work as an hourly emergency medical technician for Defendants over approximately a four month time period ending in September of 2023 in Cape County, Missouri, located in this District; Defendants all reside in and have continuous business operations within this District in Cape County, Missouri.

8. Defendant Cape County Private Ambulance Service, Inc. ("CCPA") is a domestic entity operating in Cape County, Missouri and within this District. Defendant CCPA was Plaintiff's nominal employer at all times relevant such that the CCPA name appeared on Plaintiff's paychecks.

9. Defendant John J. Russell ("John"), upon information and belief, is a Missouri resident within this District.

10. Defendant Susan J. Russell ("Susan"), upon information and belief, is a Missouri resident within this District.

11. Defendants John and Susan were Plaintiff's statutory employers at all times relevant, as those individuals directed Plaintiff's performance of his daily job duties, Plaintiff's work schedule, set Plaintiff's rate of pay, and decided to withhold pay from Plaintiff as set forth herein.

12. Upon information and belief, Defendants John and Susan are the sole owners, officers, and executives of Defendant CCPA.

13. Plaintiff resides in Fremont County, Wyoming.

14. Defendants' illicit withholding of compensation from Plaintiff damaged Plaintiff in this District and within Missouri where the wages were due. Venue is also proper in this District for these reasons.

**PARTIES**

15. Plaintiff is a natural person currently residing in Fremont County, Wyoming.

16. At all times relevant, Plaintiff's job duties entailed various tasks such as checking ambulance materials, driving to and from emergency calls, preparing and filing reports and other

tasks necessary to conduct Defendants' business of servicing municipal contracts for emergency services.

17. All of Plaintiff's labor for Defendants took place within this District, for Defendants' private ambulance service which is located at 1458 N Kingshighway St, Cape Girardeau, MO 63701.

18. Plaintiff was not part of a union, and was at all times an employee of Defendants subject to the provisions of the FLSA and MMWL.

19. Upon information and belief, Defendants John and Susan Russell own, control and operate Defendant CCPA, such that they have the authority to hire and fire employees, set employee schedules, and set employee compensation.

20. Defendant CCPA is a private ambulance company providing emergency medical response services.

21. Defendants jointly employed Plaintiff from approximately May 15, 2023 to September 5, 2023.

22. Defendants jointly had day-to-day control over where Plaintiff worked, the hours Plaintiff worked, and the type of work Plaintiff would perform.

23. Defendants jointly controlled all aspects of Plaintiff's work while Plaintiff worked for Defendants.

24. Defendants jointly controlled Plaintiff's employment records, including all records pertaining to Plaintiff's rate of pay, compensation, and hours worked.

25. Defendants' equipment was used for Plaintiff's work.

26. At all times relevant, Defendants were Plaintiff's employer within the meaning of Mo. Rev. Stat. § 290.500(4).

27. At all times relevant, Plaintiff was Defendants' employee within the meaning of Mo. Rev. Stat. § 290.500(3).

## FACTS

28. On or around May 15, 2023, Plaintiff was hired by Defendants as a laborer, and Plaintiff and Defendants had an agreement where Defendants would pay Plaintiff an hourly wage; that hourly wage was $16.25/hour for regular wages and a rate of 1.5 times that, or $24.38/hour, for hours worked in excess of 40 hours per week.

29. Defendants agreed to pay Plaintiff on a bi-weekly basis.

30. Defendants also advised Plaintiff that if he referred a person to Defendants for employment, and that referral became employed thereafter by Defendants, that Plaintiff would receive a bonus of $4,000.

31. Plaintiff consistently worked in excess of 60 hours per week.  Thus, Plaintiff's overtime hours regularly exceeded 20 hours per week..

32. Plaintiff also successfully referred one of his acquaintances to Defendants, and Defendants thereafter employed that person and upon information and belief continue to employ that person.

33. After Plaintiff provided Defendants with timely notice that he would be leaving his employment due to relocation, Defendants became angry with Plaintiff and terminated him on or about September 5.  Defendants canceled Plaintiff's remaining shift, and refused to pay him for approximately 48 hours that Plaintiff had already worked during that week.

34. Plaintiff sent Defendants a demand for his final paycheck in writing wherein he specifically asked for unpaid wages and other owed payment via email, text, and certified mail on September 5.

35. On September 6, Plaintiff went to Defendants' business to collect his things and informed Defendants, via their office administrator, that his employment had been terminated and that he demanded his final paycheck and all unpaid payment.

36. Defendants ignored Plaintiff's demands for owed payment.

37. As of the date of filing this Petition, Defendants have still not paid Plaintiff the full amount of his final paycheck, or any additional owed payment, despite Plaintiff's written and verbal requests.

38. As a result of Defendants' actions, Plaintiff has suffered financial loss and hardship.

39. Plaintiff also has not been paid his promised $4,000 referral bonus.

## COUNT I - VIOLATION OF THE FLSA

40. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

41. At all relevant times, on information and belief, Defendants were, with respect to Plaintiff, an employer within the meaning of the FLSA, 29 U.S.C. § 206(a).

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at least the statutory minimum wage for many regular hours worked when they knew or should have known such was due and that non-payment would financially injure Plaintiff.

43. Additionally, Defendants failed to compensate Plaintiff at a rate of one and a half times his base rate of pay for all Plaintiff's hours worked in excess of forty during any given one week pay period.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award him unpaid minimum wages due under the FLSA, liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime wages pursuant to FLSA, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorney's fees, and such other and further relief as this Court determines to be just and proper.

## COUNT II - VIOLATION OF THE MMWL

46. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

47. In violation of Mo. Rev. Stat. § 290.500 to Mo. Rev. Stat. § 290.530, Defendants refused to pay Plaintiff a substantial number of hours Plaintiff worked from approximately May 15, 2023 until September 5, 2023.

48. Defendants' compensation scheme applicable to Plaintiff therefore failed to comply with the MMWL.

49. There is no just reason for Defendants to withhold Plaintiff's wages.

50. Defendants are liable for the full amount of Plaintiff's wage rate and an additional amount equal to twice the unpaid wages as liquidated damages.

51. Defendants are liable to pay Plaintiff's attorneys' fees and costs.

52. Defendants' actions set forth above damaged Plaintiff such that Plaintiff has

suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendants' actions set forth herein.

53. Defendants knowingly and willfully disregarded the provisions of the MMWL as evidenced by their failure to compensate Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award his regular wages in addition to statutory penalties due under the MMWL in addition to liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay regular wages, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorneys' fees, and such other and further relief as this Court determines to be just and proper.

**COUNT III - VIOLATION OF MO. REV. STAT. § 290.110**

54. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

55. In violation of Mo. Rev. Stat. § 290.110, Defendants failed to pay Plaintiff his last paycheck when they failed and refused, and continue to fail and refuse, to pay Plaintiff for all of his hours worked in the final pay period, despite Plaintiff's formal and written demand for the same.

56. There is no just reason for Defendants to withhold Plaintiff's wages and last paycheck.

57. Defendants are liable to Plaintiff for the contract rate of his wages for a number of days, up to sixty, beginning when Plaintiff was discharged and lasting until Plaintiff is paid, because Defendants have refused to provide Plaintiff's correct last paycheck to him despite receiving written notice that Plaintiff demanded his last paycheck, in the correct amount, in

accordance with Mo. Rev. Stat. § 290.110.

58.     Defendants are liable to pay Plaintiff's attorneys' fees and costs.

59.     Defendants' actions set forth above damaged Plaintiff such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendants' actions set forth herein.

60.     Defendants knowingly and willfully disregarded the provisions of Mo. Rev. Stat. § 290.110 as evidenced by their failure to compensate Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award his regular wages in addition to statutory penalties due under Mo. Rev. Stat. § 290.110 in addition to liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay regular wages, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorneys' fees, and such other and further relief as this Court determines to be just and proper.

## COUNT IV - BREACH OF CONTRACT

61.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

62.     At all times relevant, Plaintiff and Defendants had an agreement where Defendants agreed to pay Plaintiff at a rate of $16.25/hour and $24.38/hour for all hours worked overtime, in addition to a $4,000 payment for the referral of a person Defendants thereafter employed.

63.     Plaintiff performed his part of the agreement by regularly working for Defendants as set forth above, and also performed by referring an acquaintance to Defendants that Defendants employed.

64. Defendants have yet to pay Plaintiff for all hours worked between approximately May 15, 2023 to September 5, 2023 each week he was employed by Defendants.

65. Defendants have yet to pay Plaintiff for all hours Defendant worked in overtime during his employment by Defendants.

66. Defendants refused to pay Plaintiff the $4,000 referral bonus.

67. As a result of Defendants' breach, Plaintiff suffered substantial pecuniary loss.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendants for unpaid wages and the unpaid referral bonus lost as a result of Defendants' breach and for all other and further relief as this Court deems proper.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
David A. Weber, #70409
Caleb Christian, #70830
7321 S Lindbergh Blvd, Ste. 400
St. Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com
         david@voytaslaw.com
         caleb@voytaslaw.com

*Attorneys for Plaintiff*